UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| APOSTLE DR. OSITADINMA ISRAEL EAGLE EKENEDILI CHUKWU, PH.D.,<br>*Plaintiff,*<br><br>v.<br><br>MR. JOHN'S FOOD COMPANY LTD.,<br>*Defendant.* | No. 24-cv-11758-JEK |

### ORDER ON DEFENDANT'S MOTION FOR MORE DEFINITE STATEMENT

LEVENSON, U.S.M.J.

Before the Court is Defendant's motion (Docket No. 69) pursuant to Fed. R. Civ. P. 12(e), which asks the Court to require Plaintiff to provide a more definite statement of the claim(s) in the Amended Complaint (Docket No. 55). Plaintiff has not filed any timely opposition or other response to this motion.

 A. *The Amended Complaint*

The Amended Complaint (Docket No. 55) is the current operative complaint in this case.[1] As Defendant points out, the Amended Complaint is roughly 32 pages long, mostly single-spaced. In places the verbiage of the Amended Complaint is incoherent, repetitive, and/or irrelevant. Much of the Amended Complaint appears to be comprised of passages that have copied willy-nilly from some computerized source (presumably AI) that touch upon

---

[1] On January 7, 2026, Judge Kobick granted Plaintiff's motion to amend his complaint (Docket No. 47). *See* Docket No. 56. As Judge Kobick ruled, "the amended complaint at [Docket No. 55] stands as the operative pleading in this case." *Id.*

miscellaneous legal issues, some of which are patently unconnected to this case. The Amended Complaint is a far cry from the short and plain statement of fact that is required under Fed. R. Civ. P. 8(a). There are no paragraph numbers to organize the allegations of the Amended Complaint and it is not clear which portions of the complaint require response from Defendant.

Broadly speaking, what is discernable from the Amended Complaint is that Plaintiff alleges he bit down on a plantain chip sold by Defendant (a Canadian food company) and that, as a result, he suffers from, or has exacerbated, a temporomandibular joint (TMJ) disorder. *See* Docket No. 55. That is what this case is about.

### B.    *Construing Pro Se Complaints*

When, as here, a plaintiff is proceeding pro se, the Court must construe his filings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Dutil v. Murphy*, 550 F.3d 154, 158 (1st Cir. 2008) ("[W]e hold pro se pleadings to less demanding standards than those drafted by lawyers and endeavor, within reasonable limits, to guard against the loss of pro se claims due to technical defects."). As the Supreme Court has pointed out, a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers" *Erickson*, 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Even with the latitude afforded to pro se litigants, however, they "still must comply with procedural and substantive law" and "[d]ismissal of a *pro se* complaint is appropriate when the complaint fails to state an actionable claim." *Harihar v. United States Bank Nat'l Ass'n*, No. 15-cv-11880-ADB, 2017 WL 1227924 at *5 (D. Mass. Mar. 31, 2017) (citations omitted); *Chum v. United States Bank, N.A.*, No. 14-cv-14683-GAO, 2016 WL 158503 at *1 (D. Mass. Jan. 13, 2016) ("While pro se filings are read liberally, this Court is not required [to] read into the

complaint facts which do not appear."); *see Thompson v. Evolve Bank & Tr.*, 791 F. Supp. 3d 236, 247–48 (D. Mass. 2025)

### C. Rule 12(e)

Under Fed. Rule Civ. P. 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."

I have perused the Amended Complaint and it does indeed contain numerous passages that are vague or ambiguous. I am not, however, persuaded that ordering a more definite statement is the best course in this case.

As Judge Gorton of this Court has noted, Rule 12(e) motions are generally disfavored. *See Hilchey v. City of Haverhill*, 233 F.R.D. 67, 69 (D. Mass. 2005). Under the notice pleading standards of Fed. R. Civ. P. 8, "a short and plain statement of the claim" will suffice and factual details are typically fleshed out during the discovery process. That said, when a pleading is unintelligible, requiring a more definite statement under Rule 12(e) sometimes makes sense. *See Hayes v. McGee*, 10-cv-40095-FDS, 2011 WL 39341, at *2–3 (D. Mass. Jan. 6, 2011).

The problem in this case is that an order under Rule 12(e) is likely to prove futile. I have reviewed Plaintiff's many submissions to the Court, including numerous "motions" that are replete with irrelevant and even nonsensical verbiage. *See* Docket Nos. 72, 75, 81, and 82. In these submissions Plaintiff has shown himself to be unable or unwilling to comply with basic procedural requirements, such as the basic formatting requirements for a motion and memorandum under Local Rule 7.1(b)(1), or the requirement under Local Rule 7.1(a)(2) that parties must certify that they have conferred and attempted to resolve or narrow issues prior to submitting motions. Such failures in Docket Nos. 72, 75, 81 and 82, all come after the Court repeatedly and explicitly instructed Plaintiff on the requirements of Rule 7.1 and even after the

Court denied one of Plaintiff's a motion for failure to comply with Rule 7.1. *See* Docket No. 62. Consider, too, that Plaintiff has not even filed a response to Defendant's motion for more definite statement. Under these circumstances, there is scant hope that an order under Rule 12(e) will induce Plaintiff to produce a complaint that remotely approaches the standards of Rule 8.

As discussed below, whether Defendant can "reasonably be required to frame an answer or some other responsive pleading" to the Amended Complaint may depend – to some degree – on what kind of responsive pleading is anticipated. Fed. R. Civ. P. 12(e) advisory committee's note to 1946 amendment. Insofar as Rule 12(e) is directed to my discretion, I decline to order a further amendment to the Complaint since it seems unlikely to materially advance the adjudication of this case.

### D.     Rule 12(f)

Under Fed. R. Civ. P. 12(f), the Court may strike those portions of the Amended Complaint that are "redundant, immaterial, impertinent, or scandalous." Fed. R. Civ. P. 12(f) Rule 12(f) expressly authorizes the Court to do so, "on its own."

Rule 12(f), however, is seen as a drastic remedy, to be employed sparingly. *See Hayes*, 2011 WL 39341, at *1–2. "Both because striking a portion of a pleading is a drastic remedy and because it often is sought by the movant simply as a dilatory or harassing tactic, numerous judicial decisions make it clear that motions under Rule 12(f) are viewed with disfavor by the federal courts and are infrequently granted." 5C Wright & Miller's Federal Practice & Procedure § 1380 (3d. ed. 2025); *see also Boreri v. Fiat S.P.A.,* 763 F.2d 17, 23 (1st Cir.1985) ("[S]uch motions are narrow in scope, disfavored in practice, and not calculated readily to invoke the court's discretion.").

It is conceivable that pruning Plaintiff's Amended Complaint could streamline the case and narrow the issues for decision. But striking a portion of the operative pleading would carry a

4

risk of depriving this pro se Plaintiff of the liberal construction of his pleading to which he is entitled under *Erickson*, 551 U.S. at 94. In the absence of prejudice to the responding party, striking material from a complaint seems heavy-handed. *See Ross-Simons of Warwick, Inc. v. Baccarat, Inc.,* 182 F.R.D. 386, 398 (D.R.I. 1998) (noting that "[m]ere redundancy is insufficient to support a motion to strike; the movant must demonstrate that prejudice would result if the offending material remained in the pleadings.").

Under the circumstances, it seems unwise to strike material from the Complaint under Rule 12(f).

### E.     Next Steps

The Court having denied Defendant's motion for more definite statement, Defendant's responsive pleading must be served within 14 days after notice of this ruling. *See* Fed. R. Civ. P. 12(a)(4)(A).

It is, of course, up to Defendant to decide what kind of responsive pleading to file: whether to respond to the Complaint with a motion to dismiss pursuant to Rule 12(b)(6) or with an answer.

Should Defendant move to dismiss, Plaintiff's Amended Complaint will be subject to scrutiny based upon whether it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While such a motion must necessarily address the legal significance of the factual averments of a complaint, there is no requirement to catalogue or enumerate every single sentence or paragraph of a complaint. Indeed, it is not uncommon for such motions to focus as much on what *isn't* in a complaint as what *is*. With respect to a motion to dismiss, the challenges posed by inclusion of redundant and

irrelevant material in the Amended Complaint are readily manageable. Common sense suggests that little time need be expended on matters that are truly duplicative or wholly irrelevant.

Should Defendant opt to answer the Amended Complaint, the task of preparing a suitable reply is somewhat more complicated. For the convenience of the Court and the parties, I direct Defendant – in any answer it may file – to reiterate the allegations of the Amended Complaint with added continuous numbering, and to follow each such numbered paragraph with Defendant's response (*e.g.*, "admitted," "denied," or "admitted/denied" in part with explanation.). As is customary, allegations consisting of argument, legal citations, extraneous comments, and the like may be identified as such, with a notation, "no response required."

## Conclusion

For the reasons set forth above, Defendant's Motion for More Definite Statement (Docket No. 69) is DENIED. Defendant is directed to serve a responsive pleading within 14 days.[2]

Dated: February 10, 2026

/s/ Paul G. Levenson
Paul G. Levenson
U.S. MAGISTRATE JUDGE

---

[2] The parties are advised that under Rule 72(a) of the Federal Rules of Civil Procedure and Rule 2(b) of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts, any party seeking review by a district judge of these determination(s) and order(s) must serve and file any objections within fourteen days of being served a copy of this order, unless a different time is prescribed by the magistrate judge or the district judge. *See* Fed. R. Civ. P. 72(a). Such objections must specifically designate the order, or part, to be modified or set aside and the basis for objection. The district judge will set aside any portion of the magistrate judge's order that is found to be clearly erroneous or contrary to law. The parties are further advised that failing to follow the objection procedures of Rule 2(b) may preclude further appellate review. *See Phinney v. Wentworth Douglas Hosp.*, 199 F.3d 1, 4 (1st Cir. 1999); *Sunview Condo. Ass'n v. Flexel Int'l, Ltd.*, 116 F.3d 962, 964–65 (1st Cir. 1997).