UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

APOSTLE DR. OSITADINMA ISRAEL
EAGLE EKENEDILI CHUKWU, PH.D.,
   *Plaintiff,*

v.

MR. JOHN'S FOOD COMPANY LTD.,
   *Defendant.*

No. 24-cv-11758-JEK

## ORDER ON PENDING MOTIONS

LEVENSON, U.S.M.J.

Before the Court are various submissions by Plaintiff, which have been docketed as motions. Docket Nos. 72, 75, 81, 82. The headings on these indicate they are intended as motions. *See, e.g.,* Docket No. 72, at 2 ("My Motion!").

Plaintiff, who is proceeding pro se, is entitled to a degree of latitude with respect to the formalities of pleadings. That is, Plaintiff's *pro se* status "militates in favor of a liberal reading" of his submissions. *See Rodi v. S. New England Sch. of Law*, 389 F.3d 5, 13 (1st Cir. 2004). As the First Circuit has noted, "[o]ur judicial system zealously guards the attempts of pro se litigants on their own behalf." *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997).

That said, Plaintiff's *pro se* status does not absolve him of having to comply with this Court's rules of procedure. *Burnham v. Wyeth Labs. Inc.*, 348 F. Supp. 3d 109, 111 (D. Mass. 2018) ("Plaintiff's *pro-se* status does not excuse him from complying with procedural and substantive law.") (citing *Ahmed*, 118 F.3d at 890); *see Rounds v. United States Department of Justice,* 626 F. Supp. 3d 510, 511–12 (D. Mass. 2022).

Plaintiff has twice been instructed by Judge Kobick as to the requirements under Local Rule 7.1(a), whereby "[n]o motion shall be filed unless counsel certify that they have conferred and have attempted in good faith to resolve or narrow the issue." *See* Docket Nos. 56 (clerk's note of hearing) and 62 (electronic order noting, "As the Court emphasized at the January 7, 2026 scheduling conference, *see* ECF 56, this Local Rule requires the moving party to "certify that they have conferred and have attempted in good faith to resolve or narrow the issue" before filing a motion, L. R. 7.1(a)(2)").

Notwithstanding these clear instructions, Plaintiff has persisted in filing "motions" without any certification that he has obeyed the requirement to confer and narrow issues. Defendant, in turn, has been put to the trouble of replying to motions that may be entirely unnecessary.

Also, Plaintiff's filings do not remotely comply with the requirements of Local Rule 7.1(b), which dictates the required form and format for motions. For example, motions should be set forth in a simple, short document stating the relief sought, with a separate memorandum of supporting argument and, if need be, attached evidentiary materials. *See* Local Rule 7.1(b)(1) Memoranda are limited to 20 pages, double-spaced. *See* Local Rule 7.1(b)(4). No other papers may be submitted, without leave of Court. *See* Local Rule 7.1(b)(3).

Apart from these procedural failings, Plaintiff's submissions are largely opaque. I have perused Plaintiff's motions and find that they are so full of extraneous and irrelevant verbiage that I cannot tell whether they relate to matters that might be appropriate for judicial relief. It is impossible to glean from any of these filings what action Plaintiff seeks from the Court, let alone whether there is a basis in law or fact for any requested relief.

## CONCLUSION

In light of Plaintiff's failure to comply with Local Rule 7.1(a), I hereby DENY Plaintiff's Motions Nos. 72, 75, 81, and 82. These motions may be renewed ONLY if Plaintiff complies with Local Rule 7.1(a). In addition, I will enter an electronic order on the docket, as follows:

> Plaintiff has repeatedly been instructed regarding the requirements of Local Rule 7.1(a). Going forward, the Court will summarily deny any motions that Plaintiff submits without the required certification regarding good faith conferral to resolve or narrow issues.
>
> Unless otherwise ordered by the Court, Defendant need not respond to any motions that Plaintiff files, unless those motions include an appropriate certification under Local Rule 7.1(a).
>
> Plaintiff is further directed to the requirements of Rule 7.1(b). Plaintiff is warned that the

Court may strike future submissions that are over-length and/or single-spaced.

SO ORDERED.[1]

Dated: February 10, 2026

/s/ Paul G. Levenson
Paul G. Levenson
U.S. MAGISTRATE JUDGE

---

[1] The parties are advised that under Rule 72(a) of the Federal Rules of Civil Procedure and Rule 2(b) of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts, any party seeking review by a district judge of these determination(s) and order(s) must serve and file any objections within fourteen days of being served a copy of this order, unless a different time is prescribed by the magistrate judge or the district judge. *See* Fed. R. Civ. P. 72(a). Such objections must specifically designate the order, or part, to be modified or set aside and the basis for objection. The district judge will set aside any portion of the magistrate judge's order that is found to be clearly erroneous or contrary to law. The parties are further advised that failing to follow the objection procedures of Rule 2(b) may preclude further appellate review. *See Phinney v. Wentworth Douglas Hosp.*, 199 F.3d 1, 4 (1st Cir. 1999); *Sunview Condo. Ass'n v. Flexel Int'l, Ltd.*, 116 F.3d 962, 964–65 (1st Cir. 1997).