UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

APOSTLE DR. OSITADINMA ISRAEL
EAGLE EKENEDILI CHUKWU, PH.D.,

    *Plaintiff,*

v.

MR. JOHN'S FOOD COMPANY LTD. et al,

    *Defendants.*

No. 24-cv-11758-JEK

## REPORT AND RECOMMENDATION FOR DISMISSAL

LEVENSON, U.S.M.J.

This case must be dismissed because the Court lacks subject matter jurisdiction.

The only suggested basis for federal jurisdiction in this case is the purported diversity of the parties' citizenship—as reflected on the civil cover sheet and as discussed in the parties' submissions in connection with Defendants' motion to dismiss. *See* Docket No. 94, Defendants' Memorandum ("Def. Mem."), at 12–14; Docket No. 1-1; Docket No. 101 at 3–4.

In recent submissions to the Court, Plaintiff identifies himself as a citizen of Nigeria. Defendant Mr. John's Food Company Ltd. ("Defendant") is a Canadian business corporation.[1] It is thus apparent that this is a lawsuit between two non-citizens of the United States. As such, it is a dispute that lies outside the subject matter jurisdiction of this Court.

---

[1] Plaintiff represents that "Joseph Stephen is no longer the Co-Defendant of my lawsuit" and he requests that the Court consider Mr. John's Food Company Ltd. as the only Defendant. *See* Docket No. 101 at 3. Treating this as a motion to dismiss all claims against Joseph Stephen pursuant to Fed. R. Civ. P. 41(a)(2), I recommend that the Court grant Plaintiff's request and dismiss the matter as against the individual Defendant.

## I.    Background

The cover sheet attached to Plaintiff's initial complaint reflects that the ostensible basis for federal court jurisdiction in this case is diversity of citizenship. Docket. No. 1-1. On January 6, 2026, Plaintiff filed an Amended Complaint. Docket No. 55. Both the initial complaint and the Amended Complaint identify Defendant as an entity with an address in Canada. Docket No. 1 at 1; Docket No. 55 at 1. Both filings list Plaintiff's mailing address as a P.O Box in Boston, MA. Neither the initial complaint, nor the Amended Complaint—which is the operative pleading in this case[2]—reflect Plaintiff's citizenship. *See* Docket Nos. 1, 55, 56.

This case is about an alleged personal injury from eating a snack food. According to the Amended Complaint: On September 24, 2021, Plaintiff purchased a bag of spicy ripe plantain chips manufactured by Defendant, went home, opened the bag, and attempted to bite into a chip. Docket No. 55 at 3. Plaintiff alleges that the "hardness" of the chip injured his right jaw, resulting in pain, a clicking sensation in his jaw, and distress. *Id*. Plaintiff sought medical attention and his doctor informed him that he had "strained" his jaw, by biting down "hard" on the chip. *Id.* at 6–7. Plaintiff alleges that he suffers from chronic temporomandibular joint syndrome as a result of biting on Defendant's chip. *Id.* at 2. Based on these allegations, Plaintiff asserts several causes of action: strict product liability, negligence, failure to warn / marketing defect, and breach of warranty. *Id.* at 24–25.

---

[2] Ordinarily, an amended complaint supersedes the initial complaint, and "the earlier complaint is a dead letter and 'no longer performs any function in the case.'" *Connectu LLC v. Zuckerberg*, 522 F.3d 82, 91 (1st Cir. 2008) (quoting *Kolling v. Am. Power Conversion Corp.*, 347 F.3d 11, 16 (1st Cir. 2003). That said, I have considered Plaintiff's pleadings liberally as he is proceeding pro se.

Defendant has moved to dismiss the Amended Complaint for failure to state a claim and for lack of subject matter jurisdiction. Docket No. 93. Defendant has supported that motion with a memorandum of law, which spells out various arguments in favor of dismissal. Def. Mem.

After Defendant filed its motion to dismiss, Plaintiff filed numerous documents, including one which has been docketed as an opposition to Defendant's motion. *See* Docket Nos. 95, 98, 101, 103. As noted below, several of these documents disclose that Plaintiff is a Nigerian citizen.

## II.    Analysis

Defendant's motion challenges the Court's subject matter jurisdiction under the diversity statute. Def. Mem. at 12–14. Defendant's focus, however, is on the amount in controversy: Defendant suggests that Plaintiff's asserted multi-billion dollar claim for damages is patently frivolous and that there is no plausible allegation that Plaintiff's claimed harms meet the $75,000 monetary threshold for diversity cases under 28 U.S.C. § 1332(a).[3] *Id.*

There is no need to reach the issues that Defendant has raised. It is evident from Plaintiff's responses to Defendant's motion that there is a clearer and simpler reason why this Court lacks jurisdiction: Plaintiff has identified himself as a Nigerian citizen, which leaves us with a case between a foreign citizen and a foreign corporation—i.e., not a dispute that falls within the jurisdictional grant of § 1332.

---

[3] In determining whether the amount in controversy requirement is met, the rule is that "the sum claimed by the plaintiff controls if the claim is apparently made in good faith," and to justify dismissal "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). After the amount is challenged, the party seeking to invoke jurisdiction has the burden of alleging that it is not a legal certainty that the claim involves less than the jurisdictional amount, and the party may do so by "amending the pleadings or by submitting affidavits." *Get In Shape Franchise, Inc. v. TFL Fishers, LLC*, 167 F. Supp. 3d 173, 190 (D. Mass. 2016) (quoting *Dep't of Recreation & Sports of Puerto Rico v. World Boxing Ass'n*, 942 F.2d 84, 88 (1st Cir. 1991)).

Given that the Court is required to monitor its own jurisdiction, this simpler alternative suffices to decide the matter. *See Henderson ex. rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press.").

"Federal courts are 'courts of limited jurisdiction' and 'possess only that power authorized by Constitution and statute.'" *Onoufriadis v. One World, LLC*, No. 21-CV-10085-RWZ, 2022 WL 2392968, at *1 (D. Mass. May 23, 2022) (quoting *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005)). Federal question jurisdiction is not at issue here because Plaintiff does not bring any claims under federal law. *See* 28 U.S.C. § 1331. Assuming Plaintiff's allegations suffice to make out any cognizable legal cause of action, such claims would arise only under state law.

Under Section 1332, the Court has diversity jurisdiction over civil claims when the matter in controversy exceeds $75,000 and the dispute is between:

> (1) citizens of different States;
>
> (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;
>
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
>
> (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332(a). This list is exclusive: Circumstances not enumerated by Congress in the statute do not fall within the statutory grant of subject matter jurisdiction.

4

Put differently, "[d]iversity jurisdiction does not exist in actions between foreign citizens." *Onoufriadis*, 2022 WL 2392968, at *1 (collecting cases).

In responding to Defendant's motion to dismiss, Plaintiff has repeatedly identified himself as a Nigerian citizen domiciled in Massachusetts.[4] *See, e.g.*, Docket No. 95-2 at 2, 5, 6; Docket No. 98-1 at 2, 5, 6; Docket No. 101 at 3. For example, Plaintiff unequivocally asserts in one such pleading:

> The **Federal Diversity Jurisdiction issue** which points to me, Apostle Dr. Ositadinma Israel Eagle Ekenedili Chukwu Ph.D., Pro Se Plaintiff—**requiring my citizenship—I am a Nigerian by citizenship. I have the citizenship of Nigeria. I am domiciled at Dorchester MA U.S.A.**

Docket No. 101 at 3 (emphasis in original).

Plaintiff asserts that Defendant "has the citizenship of Canada, domiciled in Toronto Ontario—it's place of business in Canada." *Id.* For its part, Defendant has identified itself as a "foreign limited company incorporated under the laws of Canada with its principal place of business [in Canada]." Docket No. 68.

Regardless of his domicile in Massachusetts, Plaintiff is not a citizen of any state for purposes of the diversity statute. "In order to be a citizen of a State within the meaning of the diversity statute, a natural person must be both a citizen of the United States <u>and</u> be domiciled within the State." *Hearts With Haiti, Inc. v. Kendrick*, 856 F.3d 1, 2 (1st Cir. 2017) (quoting *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989)) (emphasis in original).[5]

---

[4] The Court may properly consider Plaintiff's averments in his various submissions. *Cf. Watterson v. Page*, 987 F.2d 1, 3–4 (1st Cir. 1993) (affirming dismissal where district court considered facts set out in public documents that plaintiffs attached to an opposition).

[5] Plaintiff does not describe his immigration status, and that question is irrelevant here. Permanent residents are not deemed citizens of the United States for purposes of establishing diversity. *See Onoufriadis*, 2022 WL 2392968, at *1 (discussing the 1988 amendment to 28

*Footnote continues on following page.*

5

As all parties to this case are foreign citizens, the Court lacks diversity jurisdiction and cannot hear Plaintiff's claims. *See* 28 U.S.C.§ 1332(a); *Onoufriadis,* 2022 WL 2392968, at *1 (court lacked diversity jurisdiction where plaintiff, despite being a permanent resident, was a citizen of Greece and defendants were foreign citizens).

I recommend that the Court dismiss the case without prejudice. "Generally, when a federal court dismisses a case for lack of subject matter jurisdiction, the dismissal should be without prejudice. This is because a dismissal for lack of subject matter jurisdiction is not a decision on the merits, and many jurisdictional defects may be cured." *U.S. ex rel. Poteet v. Bahler Med., Inc.*, 619 F.3d 104, 115 (1st Cir. 2010) (citation omitted).[6]

Lastly, as the Court lacks subject matter jurisdiction, it should not decide the merits of Defendant's motion to dismiss for failure to state a claim. "Dismissal short of reaching the merits means that the court will not 'proceed at all' to an adjudication of the cause." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S 422, 431 (2007).

---

U.S.C. § 1332, which included permanent residents as citizens of the State where they are domiciled, and the 2011 amendment, which removed that language).

[6] Plaintiff's lack of citizenship as of the date of the Amended Complaint is likely incurable, which might arguably warrant a dismissal with prejudice. *Cf. U.S. ex rel. Poteet*, 619 F.3d at 115 (affirming dismissal for lack of jurisdiction with prejudice where jurisdictional defect was incurable). However, given that the jurisdictional allegations in this case are jumbled—*see* Plaintiff's motion to file second amended complaint (Docket No. 105)—dismissal without prejudice seems more prudent.

**CONCLUSION**

For the foregoing reasons I RECOMMEND that the Court dismiss all claims against Defendant Joseph Stephen as requested by Plaintiff and dismiss all claims in this case for lack of subject matter jurisdiction.


/s/ Paul G. Levenson
Paul G. Levenson
U.S. MAGISTRATE JUDGE

Dated: March 18, 2026


<u>NOTICE OF RIGHT TO OBJECT</u>

In accordance with Rule 3 of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts, the parties are advised that under the provisions of Federal Rule of Civil Procedure 72(b) or Federal Rule of Criminal Procedure 59(b), any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. *See Keating v. Sec'y of Health & Hum. Servs.*, 848 F.2d 271 (1st Cir. 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980); *United States v. Vega*, 678 F.2d 376, 378–379 (1st Cir. 1982); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *see also Thomas v. Arn*, 474 U.S. 140 (1985).