**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| APOSTLE DR. OSITADINMA ISRAEL EAGLE EKENEDILI CHUKWU, PH.D., | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 1:24-cv-11758-JEK |
| MR. JOHN'S FOOD COMPANY, LTD. and JOSEPH STEPHEN, | ) ) ) | |
| Defendants. | ) ) ) | |

**MEMORANDUM AND ORDER ADOPTING REPORT AND RECOMMENDATION**

**KOBICK, J.**

Plaintiff Apostle Dr. Ositadinma Israel Eagle Ekenedili Chukwu, Ph.D., proceeding *pro se*, alleges that eating spicy plantain chips manufactured by defendant Mr. John's Food Company Ltd. seriously injured his jaw. After initiating this lawsuit in August 2024 and effectuating service in November 2025, Dr. Chukwu filed an amended complaint, with the Court's leave, in early January 2026. ECF 1, 42, 55, 56. Invoking diversity jurisdiction under 28 U.S.C. § 1332(a)(2), he asserts state law claims of breach of warranty, negligence, failure to warn, strict product liability, and fraud or misrepresentation against Mr. John's Food and its owner, defendant Joseph Stephen. ECF 55, at 2-3, 24-26; *see* ECF 1-1 (civil cover sheet invoking diversity jurisdiction). The Court referred the case to Magistrate Judge Levenson in late January 2026. ECF 70.

On March 18, 2026, Judge Levenson issued a Report and Recommendation recommending that this action be dismissed for lack of subject matter jurisdiction. ECF 116. The federal diversity statute, in pertinent part, gives district courts original jurisdiction of civil actions between "citizens of a State and citizens or subjects of a foreign state" when the amount in controversy exceeds

$75,000. 28 U.S.C. § 1332(a)(2). Judge Levenson concluded that the Court lacks diversity jurisdiction where, as here, the plaintiff and at least one of the defendants are foreign citizens. *See Doidge v. Cunard S.S. Co.*, 19 F.2d 500, 502 (1st Cir. 1927) ("[O]ne [non-citizen] cannot sue another in a federal court unless a federal question is raised."); *Onoufriadis v. One World, LLC*, No. 21-cv-10085-RWZ, 2022 WL 2392968, at *1 (D. Mass. May 23, 2022) ("Diversity jurisdiction does not exist in actions between foreign citizens."). Mr. John's Food is a citizen of Canada, where it is incorporated and principally based. ECF 68; *see BRT Mgmt. LLC v. Malden Storage LLC*, 68 F.4th 691, 696 (1st Cir. 2023). And Dr. Chukwu revealed in filings made in February and March 2026 that he is a Nigerian citizen, even though he is domiciled in Massachusetts. ECF 101, at 3; ECF 98-1, at 2, 5-6; ECF 95-2, at 2, 5-6; *see Gonzalez v. United States*, 284 F.3d 281, 288 (1st Cir. 2002) (courts can consider documents outside of the pleadings to assess jurisdiction).

Dr. Chukwu filed an objection to this Report and Recommendation on March 30, 2026 contending that subject matter jurisdiction exists notwithstanding his Nigerian citizenship. *See* ECF 122, at 5-7 (confirming that he is "a Nigerian citizen"). In Dr. Chukwu's view, he can be considered a citizen of Massachusetts for purposes of diversity jurisdiction because he is lawful permanent resident domiciled in the Commonwealth. *See id.* at 5-9. For that reason, he argues, he can sue Mr. John's Food, a Canadian corporation, in federal court pursuant to the diversity statute.

Under Section 1332(a)(2), however, Dr. Chukwu's status as a lawful permanent resident does not render him a "citizen" of a "State." *See Cavalieri v. Avior Airlines C.A.*, 25 F.4th 843, 848 (11th Cir. 2022) (per curium); *Tagger v. Strauss Grp. Ltd.*, 951 F.3d 124, 127 (2d Cir. 2020) (per curium); *Hearts With Haiti, Inc. v. Kendrick*, 856 F.3d 1, 2-3 (1st Cir. 2017). "'In order to be a citizen of a State within the meaning of the diversity statute, a natural person must be both a citizen of the United States and be domiciled within the State.'" *Hearts With Haiti*, 856 F.3d at 2

(quoting *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989)) (emphasis omitted). As a citizen of Nigeria domiciled in Massachusetts, Dr. Chukwu is considered a foreign citizen for diversity jurisdiction purposes regardless of his lawful permanent residence. A foreign corporate entity like Mr. John's Food is similarly not a citizen of a State under the diversity statute. *See Kramer v. Caribbean Mills, Inc.*, 394 U.S. 823, 824 n.2 (1969). Section 1332(a)(2) does not supply jurisdiction in this lawsuit where the plaintiff and at least one of the defendants are foreign citizens. *See Doidge*, 19 F.2d at 502; *One World, LLC v. Onoufriadis*, No. 20-cv-11580-JEK, 2024 WL 691412, at *2 (D. Mass. Feb. 20, 2024) (finding diversity jurisdiction lacking in case between two foreign citizens and collecting cases holding the same).

Having reviewed the Report and Recommendation and Dr. Chukwu's objection, I agree with and adopt Judge Levenson's determination. Satisfying "its obligation to inquire sua sponte into its subject matter jurisdiction," *United States ex rel. Sargent v. Collins*, 165 F.4th 102, 107 (1st Cir. 2026) (quotation marks omitted), this Court "must dismiss the action" without prejudice because "it lacks subject-matter jurisdiction," Fed. R. Civ. P. 12(h)(3). All pending motions—including the defendants' motion to dismiss the amended complaint, ECF 93; Dr. Chukwu's motions to compel, ECF 104 and 111; his motion for leave to file a second amended complaint,[1] ECF 105; and his motion to dismiss all of the defendants' defenses, ECF 119—are denied as moot.[2] The parties' scheduled mediation is also cancelled as a result of this Court's lack of jurisdiction.

SO ORDERED.

/s/ Julia E. Kobick
JULIA E. KOBICK
Dated: April 6, 2026                UNITED STATES DISTRICT JUDGE

---

[1] Dr. Chukwu moves to further amend his complaint to add that jurisdiction is based on 28 U.S.C. § 1332. ECF 105, at 4. As explained, diversity jurisdiction is lacking.

[2] Judge Levenson also recommended granting Dr. Chukwu's request to dismiss all claims against Stephen. ECF 116, at 1 n.1; *see* ECF 101, at 3. That request is similarly denied as moot.

3